ORANGE,   Josiah Little, Admr. of Little, v. Edward Hale, Trus-
July,                    tee of Isaac Carlton.
1839.

> The maker of a negotiable promissory note cannot be held as trustee of
> the payee where the note is negotiated before it becomes due, notwith-
> standing the trustee process was served before the note was negotiated.

This was a trustee process. The writ was served on the 22d of March, 1837. Upon the trial in the county court, the following facts were proved from Hale's disclosure, and by other evidence, viz.; that Hale executed to Carlton a note for one hundred sixty-two dollars and fifty cents, dated February 24, 1837, payable to `Carlton or order, in the month of June, 1837.

In May, 1837, before the note became due, Hale was notified by Chester Hutchins of Bath, New Hampshire, that the note had been indorsed and transferred to him. In August or September, 1837, Hale was sued in New Hampshire, by Hutchins, upon said note, and the writ was made returnable to the court of common pleas in Grafton county, New Hampshire, and was still pending in that court. Upon these facts the county court adjudged that Hale was the trustee of Carlton, to which decision Hale excepted.

*A. Underwood*, for defendant.

*J. Berry & L. B. Peck*, for plaintiff.

Williams, C. J.—The question is, whether Hale is the trustee of Carleton. The same question was presented in Bennington county, in the case of *Hinsdell* v. *Safford* and others, trustees of Whiton, *ante*, 309 ; where it was held that the maker of a negotiable note could not be adjudged trustee of the payee, when the note was indorsed and notice given before it fell due, although the trustee process may have been served before the indorsement and notice. The decision in that case renders it unnecessary to repeat the views which the court then expressed. On the authority of that case, the judgment of the county court must be reversed and judgment rendered that Hale is not trustee of Carleton.