GEO. W. HUTCHINS *v.* OSGOOD EVANS, Trustee of
AMASA LYMAN.

The interest of the holder of a negotiable promissory note, while still current, is not attachable by the trustee process.

TRUSTEE PROCESS, against Osgood Evans as trustee of Amasa Lyman, principal debtor.

This suit was commenced at the November term of the county court, 1839.

The trustee disclosed that on the 28th day of June, 1838, he executed, to said Lyman, nine promissory notes of that date, each for the sum of fifty dollars, payable respectively in five, six, seven, eight, nine, ten, eleven, twelve and thirteen years from date, with interest, in money, all which were payable to said Lyman, or order, and that the trustee had paid no part thereof, except $53.98, being the amount of three judgments recovered against him as trustee of said Lyman, in actions brought before justices of the peace, including his costs allowed him as trustee in said actions.

The county court decided that said Evans was trustee of the said Lyman for the amount of said notes, excepting the said sum of $53.98, for which he had been previously adjudged trustee; and the said Evans excepted to the decision.

Judgment was also rendered in the county court against the principal debtor.

*P. Dillingham, jr.* for the trustee, contended, that the notes, specified in the disclosure, could not be reached by the trustee process, as they are negotiable and are not yet due. Were the trustee made liable in this action, and should the notes be transferred before they became due, the judgment in this suit could not be pleaded in bar of an action by an

WASHINGTON, indorsee.  *Hinsdale* v. *Safford*, 11 Vt. R. 309.  *Little* v. March, 1841.  *Hale*, Id. 482.

Hutchins
v.
Evans.

*R. C. Smith*, for plaintiff.

This case does not come under any of the late decisions made under the repealing act of 1836, in relation to current notes, because,—

*First.* No assignment of the notes, given by Evans, has been made, either *before or since* the judgment, against him in the county court, and this judgment would be a bar to any suit brought by a subsequent assignee.

*Second.* Notice having been given to the principal debtor, and judgment rendered before notice of any assigment, a sale and assignment, afterwards, would be such a fraud upon a *bona fide* purchaser as the law would protect the trustee against.

The opinion of the court was delivered by

REDFIELD, J.—The question whether the trustee is liable in this case, has been, in effect, twice decided by this court.  In *Hinsdale* v. *Safford*, 11 Vt. R. 309, it was held that where a negotiable promissory note was indorsed before it fell due, although notice was not given to the maker, such maker was not liable as trustee.  In *Little* v. *Hale*, Id. 482, it was held, that where the indorsement was subsequent to the service of the trustee process, it would defeat it.  In the present case there is not shown to have been any indorsement.  But we ought not to hold the maker of the notes liable, unless he could rely upon this judgment as a complete defence against the notes.  This he could not do, if, at the time of rendering the judgment, the notes had been already indorsed, and the indorsee not before the court.  Judgments will bind only parties and privies.  We cannot know that this is not the case.  But if we could know that the notes were now in the hands of the payee, in order to hold the maker liable, we must destroy the future negotiability of the notes, and thus put it in the power of the holder, to impose upon innocent purchasers, or else enable the holder to defraud the maker by negotiating the notes after the judgment in the trustee action.  There seems to be no other mode of securing the interests of all concerned, short of denying all

right to attach, by this process, the interest in negotiable paper, while current. Negotiable paper, overdue, stands upon the same footing with other *choses in action.* Judgment, as to the trustee, reversed, and judgment that he is not liable, and judgment, as to the principal debtor, affirmed.