HUNT, COX AND KILBURN v. BENJ. S. MILES, AND TRUSTEES, JO-
SEPH G. HOUGHTON, JAMES C. HOUGHTON AND JAMES C.
HOUGHTON, JR., AND CLAIMANTS THE FIRST NATIONAL
BANK OF ST. ALBANS AND VERNON P. NOYES.

*Promissory Note.    Trustee Process.    Notice.    Costs.*

Where A held a promissory note directly from the makers, and procured B to indorse it solely as an accommodation, and then sold it to C, and C notified B of his purchase, it was *held* to be such notice to the other parties to the note as would protect it in the hands of C and his assigns *bona fide* from attachment by trustee process by the creditors of A. (Gen. Sts., ch. 34, § 47.) The case is within the principle and reason of *Ayott* v. *Smith and Tr. and Cl.,* 40 Vt., 532.

*Held* that in the taxation of costs the trustees and claimants be allowed respectively only their actual travel, not for travel at those terms of court when they appeared only by attorney.

GENERAL ASSUMPSIT. The defendant was defaulted, and judgment rendered against him for damages, $210.78, and costs taxed at $18.42. The claimants were cited in by order of the court, at the request of the trustees. The case was tried in the city court, Burlington, September 8, 1869, SHAW, city judge. The court found the following facts :

"The writ was served on Joseph G. Houghton, May 12, 1869; on James C. Houghton, May 14, 1869, and James C. Houghton, Jr., May 18, 1869 ; and afterwards, and seasonably, on the defendant by leaving a copy at his usual place of abode in Burlington. On the 23d of April, 1869, the trustees, James C. Houghton, and Joseph G. Houghton, for a valuable consideration, delivered to the defendant two joint promissory notes for $1,000 each, dated at Burlington, April 23, 1869, signed by the said James C. and Joseph G. Houghton, and payable to the order of James C. Houghton, Jr., in eight and twelve months, respectively,

from date, at the Merchants National Bank of Burlington, and endorsed by the said James C. Houghton, Jr.   On the 6th of May, 1869, the defendant being desirous to sell these notes, for the purpose of enabling him to do so, procured Russell S. Taft, of Burlington, to endorse them.   This endorsement was made by Taft, solely for the defendant's accommodation, and he endorsed the notes by writing his name directly under the endorsement of James C. Houghton, Jr.   On the same day the defendant sold the notes thus endorsed, for a valuable consideration, to Vernon P. Noyes of Burlington, who was a private banker, doing business under his own name.   Noyes purchased the notes, relying on the endorsement of Taft, and having no acquaintance with the Houghtons, or their financial responsibility, except that he understood that James C. Houghton, Jr., was cashier of the Orange County National Bank of Chelsea.   Previous to the service of the writ on any of the trustees, Noyes notified Taft that he had purchased these notes, but gave no notice of his purchase of them to any other of the parties to the notes.   On the 7th of June, 1869, Noyes, having the day before first learned of the existence of this trustee process, for the purpose of defeating the same, so far as these notes were concerned, if the notice given by him to Taft was not sufficient for that purpose, procured his brother-in-law, Oscar A. Burton of Burlington, a man of wealth, to purchase the notes of him, for which Burton gave him his own note for two thousand dollars, payable on demand, with interest.   At the time of trial Noyes still held Burton's note, so given him.   Noyes did not endorse the notes himself, but Burton took them with only the same endorsements as were on the notes when Noyes took them.   At the time Burton so took these notes of Noyes, he had reason to believe that they had been trusteed, or that there was some other circumstance affecting Noyes' title to the money due on them, which rendered Noyes desirous that they should be discounted at some bank in this state, so as to prevent any loss to Noyes upon them ; and Burton took them, and disposed of them to the First National Bank of St. Albans, which took them in good faith and for valuable consideration, as a regular business transaction, relying on Burton's endorsement."

It was adjudged by the court, without objection from either the plaintiffs or Noyes, that the claimant Noyes was not entitled to the notes in question, or the fund represented thereby.

Upon the foregoing facts the court adjudged that the claimants, the First National Bank of St. Albans, were entitled to the notes

in question, and the fund represented thereby, and should recover their costs against the plaintiffs, and that the trustees be discharged with costs against the plaintiffs, to which judgment the plaintiffs excepted. The cause was continued four times, and on none of the days fixed for trial, except as hereinafter stated, did the trustees, James C. Houghton and James C. Houghton, Jr., personally attend court, except that James C. Houghton attended once, and traveled eighty miles from his residence in Middletown, in this state, to Burlington; but they appeared on five separate occasions, by counsel, and the attendance of counsel was necessary on each occasion. The claimants, the First National Bank of St. Albans, appeared on two occasions, but on each only by counsel, and such attendance of counsel was necessary on each of these occasions. The court decided *pro forma*, as matter of law, that both the trustees and claimants, though not personally appearing, were entitled to travel fees for each day set for trial, computed by the shortest distance by any traveled route from their respective residences or location, to the place of trial, and also to fees for attendance for each day set for trial, when they appeared by attorney; and allowed a bill of costs upon this basis.

The court, in allowing said claimants' costs, as above stated, did not act upon the question as if it were a mere matter of discretion, but adjudged that said claimants were entitled to constructive travel, as matter of law. If, as matter of law, the court had been of opinion that said claimants were entitled only to actual travel, the amount of costs allowed the claimants would have included nothing for travel.

To the judgment of the court in allowing costs to the trustees and claimants, as above stated, the plaintiffs excepted.

*H. H. Talcott* and *Daniel Roberts*, for the plaintiffs.

Notice to an accommodation endorser is not such a notice as satisfies the statute and does not protect the debt from attachment by trustee process. In this case Taft was simply an accommodation endorser, and had no interest in the notes except the contingent one of their not being paid by the makers. Gen. Sts., ch. 34, sec. 47.; *Ayott* v. *Smith*, 40 Vt., 532. The transfer of

the notes by Noyes to Burton and by Burton to the bank has not dissolved this attachment by trustee process. The service of the writ upon the trustees was an attachment of the defendant's property in the trustees' hands. *Parks & Co.* v. *Cushman,* 9 Vt., 320; *Huntington* v. *Bishop,* 5 Vt., 186. The fact that these notes were in actual litigation, and under the jurisdiction of the courts of this state, was a sufficient notice to the bank that there were circumstances affecting the title to these notes. This fact of itself negatives the assertion that the bank is a *bona fide* holder without notice. Story, Eq. Juris., sec. 405. It is a general rule that " *lis pendens* " is constructive notice of an equity to all the world. *Murray et al.* v. *Ballou et al.,* 1 Johns. Chan., 566; *Sorrel* v. *Carpenter,* 2 P. Will., 482; *Worsley* v. *Earl of Scarborough,* 3 Atk., 392. This case does not come under the provisions of the statute which exempt negotiable paper not due, when negotiated at banks in this state.

Trustees and claimants are entitled to travel only when in actual attendance at the trial.

*Wales & Taft* and *E. R. Hard,* for the First National Bank of St. Albans.

The opinion of the court was delivered by

BARRETT, J. Taft, being an accommodation endorser for the defendant, who held the notes in question directly from the makers, and being in no other way connected with said notes, was not a party to the transfer by the defendant to Noyes. In the relation he sustained to the paper and the other parties, this court think that, when the defendant sold and transferred the paper to Noyes, notice of such sale and transfer given by Noyes to Taft stands upon the same reason, and must be held to have the same effect in exempting it in the hands of Noyes and his assigns, from the trustee process brought by a creditor of the defendant, as the notice given in the case of *Ayott* v. *Smith et al.,* 40 Vt., 532.

On this ground, the judgment as to the right of the First National Bank of St. Albans to hold the notes, and to recover costs, and also discharging the trustees with costs, is affirmed.

The judgment allowing the trustees and claimants for travel other than actual is reversed, and it is ordered that in the taxation of costs they be allowed respectively only for actual travel.